UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS B. BARBEE,<br><br>        Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEP'T OF CORR.<br>et al.,<br><br>        Defendants. | Case No. CV 13-8009-JFW (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, records on file, and Report and Recommendation of the previously assigned U.S. Magistrate Judge.  On June 23 and 26, 2014, mail the Court sent to Plaintiff at his address of record was returned as undeliverable.  Plaintiff has not filed Objections to the R&R, which were due on June 30, 2014, or a change of address.

    Local Rule 41-6 provides that

    [a] party proceeding *pro se* shall keep the Court . . .
    apprised of such party's current address . . . .  If mail
    directed by the Clerk to a *pro se* plaintiff's address of
    record is returned undelivered by the Postal Service, and
    if, within fifteen (15) days of the service date, such

plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

<u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. <u>See also</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In determining whether to dismiss a pro se plaintiff's lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (internal quotation marks omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, all of the <u>Carey</u> factors militate in favor of dismissal. In particular, no less drastic sanction is available, as Plaintiff has ceased communicating with the Court and, because he has not filed a change of address, the Court has no way to

1 | communicate with him.[1]  See Scott v. Belmares, 328 F. App'x 538,
2 | 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit
3 | in part because pro se plaintiff failed to keep Court apprised of
4 | change of address under Local Rule 41-6).  Moreover, as the
5 | previously assigned Magistrate Judge concluded in his R&R, the
6 | Complaint failed to state a claim and could not be amended to do
7 | so, and thus there are no "merits" on which this case can be
8 | resolved.
9 |      The Court accepts the findings and recommendations of the
10 | previously assigned Magistrate Judge and also finds that
11 | Plaintiff has failed to prosecute this action.  IT IS ORDERED
12 | that the Complaint is denied without leave to amend and Judgment
13 | be entered dismissing this action with prejudice.

15 | DATED: July 22, 2014                  _____
16 |                                       JOHN F. WALTER
                                           U.S. DISTRICT JUDGE

---

[1] Plaintiff's name does not appear in a search of the California Department of Corrections and Rehabilitation's Inmate Locator website.